# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*.

**STATE OF CONNECTICUT
SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 70 Huntington Street, New London, CT 06320 | ( 860 ) 443 – 5363 | 09/22/2020 |

| | | At (City/Town) | Case type code (See list on page 2) |
|---|---|---|---|
| ☒ Judicial District  G.A. | | New London | Major: T  Minor: 90 |
| ☐ Housing Session  ☐ Number: | | | |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Law Offices of Cicchiello and Cicchiello, LLC, 582 West Main Street, Norwich, CT 06360 | 419515 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| ( 860 ) 886 – 9300 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☐ Yes  ☒ No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed)

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: Milano, Elizabeth<br>Address: 1784 Glasgo Road, Griswold, CT 06351 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: Lowe's Home Centers, LLC     AFS: Corporation Service Co.<br>Address: 1000 Lowe's Blvd., Mooresville, NC 28117     100 Pearl St., 17th Floor, Hartford, CT 06103 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**
1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 08/07/2020 | | ☐ Clerk | Gary A. Cicchiello, Esq. |

*John Sheer, Esq.*

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

For Court Use Only
File Date

A TRUE ATTEST
SCOTT M KRAMER
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

   Do *not* use this summons for the following actions:
   
   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
|  | C 10 | Construction - State and Local |  | P 10 | Partition |
|  | C 20 | Insurance Policy |  | P 20 | Quiet Title/Discharge of Mortgage or Lien |
|  | C 30 | Specific Performance |  | P 30 | Asset Forfeiture |
|  | C 40 | Collections |  | P 90 | All other |
|  | C 50 | Uninsured/Underinsured Motorist Coverage |  |  |  |
|  | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 |  |  |  |
|  | C 90 | All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| Eminent Domain | E 00 | State Highway Condemnation |  | T 03 | Defective Premises - Private - Other |
|  | E 10 | Redevelopment Condemnation |  | T 11 | Defective Premises - Public - Snow or Ice |
|  | E 20 | Other State or Municipal Agencies |  | T 12 | Defective Premises - Public - Other |
|  | E 30 | Public Utilities & Gas Transmission Companies |  | T 20 | Products Liability - Other than Vehicular |
|  | E 90 | All other |  | T 28 | Malpractice - Medical |
|  |  |  |  | T 29 | Malpractice - Legal |
|  |  |  |  | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit |  | T 40 | Assault and Battery |
|  | H 12 | Housing - Rent and/or Damages |  | T 50 | Defamation |
|  | H 40 | Housing - Housing - Audita Querela/Injunction |  | T 61 | Animals - Dog |
|  | H 50 | Housing - Administrative Appeal |  | T 69 | Animals - Other |
|  | H 60 | Housing - Municipal Enforcement |  | T 70 | False Arrest |
|  | H 90 | Housing - All Other |  | T 71 | Fire Damage |
|  |  |  |  | T 90 | All other |
| Miscellaneous | M 00 | Injunction |  |  |  |
|  | M 10 | Receivership | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
|  | M 15 | Receivership for Abandoned/Blighted Property |  | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
|  | M 20 | Mandamus |  | V 05 | Motor Vehicles* - Property Damage only |
|  | M 30 | Habeas Corpus (extradition, release from Penal Institution) |  | V 06 | Motor Vehicle* - Products Liability Including Warranty |
|  | M 40 | Arbitration |  | V 09 | Motor Vehicle* - All other |
|  | M 50 | Declaratory Judgment |  | V 10 | Boats |
|  | M 63 | Bar Discipline |  | V 20 | Airplanes |
|  | M 66 | Department of Labor Unemployment Compensation Enforcement |  | V 30 | Railroads |
|  |  |  |  | V 40 | Snowmobiles |
|  | M 68 | Bar Discipline - Inactive Status |  | V 90 | All other |
|  | M 70 | Municipal Ordinance and Regulation Enforcement |  |  | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
|  | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |  |  |  |
|  | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
|  | M 84 | Foreign Protective Order |  | W 90 | All other |
|  | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |  |  |  |
|  | M 90 | All other |  |  |  |

| | |
|---|---|
| RETURN DATE: SEPTEMBER 22, 2020 : | SUPERIOR COURT |
| ELIZABETH MILANO : | J. D. OF NEW LONDON |
| VS. : | AT NEW LONDON |
| LOWE'S HOME CENTERS, LLC : | AUGUST 7, 2020 |

## COMPLAINT

**FIRST COUNT:** <u>**Wrongful Termination (Disability) - General Statutes § 46a-60(b)(1)**</u>

1.	At all times mentioned herein, the **plaintiff, Elizabeth Milano,** a female, was and is a resident of the Town of Griswold, County of New London, and State of Connecticut.

2.	At all times mentioned herein, the **defendant, Lowe's Home Centers, LLC**, was and is a foreign limited liability company authorized to conduct business in the State of Connecticut and operated a retail store located at 155 River Road in Lisbon, Connecticut. At all times mentioned herein, the defendant employed at least fifteen (15) employees.

3.	On or about April 12, 2011, the plaintiff was hired by the defendant to work as an Installed Sales Coordinator. On or about December 3, 2016, the plaintiff was reassigned to the position of Customer Services Associate.

4.	The plaintiff suffers from a physical disability related to akalaysia, an esophogeal disease, which is severe and substantially limits one or more of the plaintiff's life activities. Despite this physical disability, the plaintiff performed the essential functions of her position in a satisfactory and capable manner.

5.	Due to this physical disability, the plaintiff utilized intermittent medical leave and exercised her rights under the Family Medical Leave Act (FMLA) and the defendant's internal

policies. The plaintiff fulfilled all her obligations for medical leave in a timely manner.

6. Beginning in October 2018, the plaintiff began to experience difficulties in utilizing the defendant's leave process. The defendant began to require additional documentation from the plaintiff. The defendant would also reject the plaintiff's documentation.

7. The plaintiff endured a course of discrimination by the defendant, its agents, servants, or employees because of plaintiff's gender and physical disability. In particular, conduct discriminatory and harassing in nature against plaintiff by defendant, its agents, servants or employees consisted of the following:

    a. On February 22, 2019, the plaintiff was approached by Human Resources representative, Jeff King, who directed the plaintiff to the manager's office to take a phone call from the corporate office. Mr. King then left the room.

    b. The person on the phone identified herself as Tatiana Ramirez, an Associate Relations and Human Resources Compliance Consultant. Ms. Ramirez proceeded to ask plaintiff questions of a very personal nature, including plaintiff's political beliefs.

    c. The plaintiff stopped the conversation and reported to Mr. King her discomfort with the questions being asked by Mr. Ramirez. Mr. King told plaintiff to answer the questions.

    d. Ms. Ramirez proceeded to ask the plaintiff questions of a personal, political nature, regarding plaintiff's conversations in the break room, specifically asking plaintiff her views regarding Martin Luther King and "The Wall" of President

Donald Trump.

e. The plaintiff told Ms. Ramirez and Mr. King that she would not answer the questions. The plaintiff then reported the incident to Store Manager, Nick Long, and complained that Ms. Ramirez was trying to label the plaintiff's personal and political beliefs.

f. After about twenty minutes, the plaintiff again spoke with Ms. Ramirez. The plaintiff requested to speak with another person regarding the allegations against the her. Ms. Ramirez refused and proceeded to speak to the plaintiff with a tirade of profanities. Disgusted by Ms. Ramirez's behavior, the plaintiff ended the conversation and left the office.

g. On or about February 28, 2019, Jeff King called plaintiff into his office and terminated plaintiff's employment. The stated reason for termination was that the plaintiff was unprofessional. This stated reason was pretextual. Male employees without physical disabilities acted unprofessionally but were not terminated. For example, Dan Klewin, Garrett, and Steve regularly and openly used profanity. In addition, Floyd, from the commercial department, threw chairs, used profanity and racial slurs, and threatened to punch a minority employee.

8. The defendant discriminated against plaintiff and discharged plaintiff's employment because of plaintiff's disability in violation of Connecticut General Statutes § 46a-60(b)(1).

9. The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity

Commission (EEOC) pursuant to their work-sharing agreement, for her state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on May 13, 2020.

10. As a proximate result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

11. As a further result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through her employment.

12. As a further result of defendant's unlawful discrimination, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**COUNT TWO:**   **Violation of the Americans with Disabilities Act**

1-7. Paragraphs one through seven of Count One are incorporated herein and made paragraphs one through seven of this Count Two as if fully set forth herein.

8. The defendant discriminated against plaintiff and discharged plaintiff's employment because of her physical disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

9. The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for her state and federal complaints and has exhausted all administrative remedies having received a Release of

Jurisdiction from the CHRO on May 13, 2020.

10. As a proximate result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

11. As a further result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through her employment.

12. As a further result of defendant's unlawful discrimination, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**COUNT THREE:** **Violation of Connecticut General Statutes § 46a-60 (b)(1)**

1-7. Paragraphs one through seven of Count One are incorporated herein and made paragraphs one through seven of this Count Three as if fully set forth herein.

8. The defendant discriminated against plaintiff and terminated her employment for reasons associated with plaintiff's gender in violation of Connecticut General Statutes § 46a-60 (b)(1).

9. The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for her state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on May 13, 2020.

10. As a proximate result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

11. As a further result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through her employment.

12. As a further result of defendant's unlawful discrimination, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**COUNT FOUR:**     **Violation of Title VII**

1-7. Paragraphs one through seven of Count One are incorporated herein and made paragraphs one through seven of this Count Four as if fully set forth herein.

8. The defendant discriminated against plaintiff and terminated her employment for reasons associated with plaintiff's gender in violation of Title VII of the Civil Rights Act of 1964, § 701 *et*

9. The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for her state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on May 13, 2020.

10. As a proximate result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

11. As a further result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through her employment.

12. As a further result of defendant's unlawful discrimination, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**WHEREFORE**, the plaintiff claims:

1. Money damages;

2. Attorney's fees and costs;

3. Such other remedies as available under law and/or equity and as the Court deems appropriate;

4. A trial by jury.

                              THE PLAINTIFF, ELIABETH MILANO

                              BY: /s/ Lorenzo J. Cicchiello
                              Lorenzo J. Cicchiello, Esq.
                              Cicchiello & Cicchiello, LLC
                              582 West Main Street
                              Norwich, CT 06360
                              860.886.9300 phone
                              860.886.5963 fax
                              Firm Juris No. 419515

| | | |
|---|---|---|
| RETURN DATE: SEPTEMBER 22, 2020 | : | SUPERIOR COURT |
| ELIZABETH MILANO | : | J. D. OF NEW LONDON |
| VS. | : | AT NEW LONDON |
| LOWE'S HOME CENTERS, LLC | : | AUGUST 7, 2020 |

## STATEMENT OF AMOUNT OF DEMAND

The amount of demand for the above matter is greater than FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of costs and interest.

        THE PLAINTIFF, ELIABETH MILANO

        BY: /s/ *Lorenzo J. Cicchiello*
        Lorenzo J. Cicchiello, Esq.
        Cicchiello & Cicchiello, LLC
        582 West Main Street
        Norwich, CT 06360
        860.886.9300 phone
        860.886.5963 fax
        Firm Juris No. 419515